IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

HEATHER CARTER,

      Plaintiff,

   vs.

DAVID C. LOUCKS, M.D., RICHARD M. LOTSPEICH, P.A.-C., and PEAK ORTHOPEDICS
AND SPINE, P.L.L.C.
      Defendants.

---

## COMPLAINT FOR DAMAGES AND JURY DEMAND

---

Plaintiff, Heather Carter, by and through her attorneys of record, Leventhal, Brown &
Puga, P.C., for her Complaint for Damages and Jury Demand, states and alleges as follows:

### I.      CERTIFICATE OF REVIEW

Pursuant to C.R.S. § 13-20-602(3)(a), counsel certifies as follows:

Counsel has consulted with a physician with expertise in the areas of the alleged

negligent conduct as set forth in Plaintiff's Complaint for Damages and Jury Demand; and,

The physician who has been consulted has reviewed all currently known facts relevant to

the allegations of negligent conduct as complained of in Plaintiff's Complaint for Damages and

Jury Demand; and,

Based upon such facts, the physician has concluded that the filing of the claims against

Defendants does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4);

and,

The physician who has reviewed all known facts relevant to the allegations of negligent conduct as contained in Plaintiff's Complaint for Damages and Jury Demand meet the requirements set forth in C.R.S. § 13-64-401.

## II.       JURISDICTION AND VENUE

1.       Plaintiff Heather Carter is a citizen of the State of Virginia.

2.       Defendant David C. Loucks, M.D. is a citizen of the State of Colorado.

3.       Defendant Richard M. Lotspeich, P.A.-C. is a citizen of the State of Colorado.

4.       Defendant Peak Orthopedics and Spine, P.L.L.C. is a citizen of the State of Colorado, with its principal place of business in Colorado.

5.       Jurisdiction is proper in this Court under 28 USC §1332, by reason of the diversity of citizenships of the Parties, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

6.       All Defendants reside in the State of Colorado.

7.       The tortious that gives rise to the claims alleged herein occurred in the State of Colorado.

8.       Venue is proper in this Court under 28 USC §1391.

## III.       GENERAL ALLEGATIONS

9.       Plaintiff incorporates by reference paragraphs 1 through 8 of this Complaint as if fully set forth herein.

10.       At all relevant times, Plaintiff Heather Carter was a resident of the State of Colorado.

11.     At all relevant times, Defendant David Craig Loucks, M.D., was a physician licensed to practice medicine in the State of Colorado, holding himself out as a specialist in orthopedic surgery.

12.     At all relevant times, Defendant Richard M. Lotspeich, P.A.-C., was a Physician's Assistant licensed to practice in the State of Colorado.

13.     At all relevant times, Defendant Peak Orthopedics and Spine, P.L.L.C., was a limited liability company transacting business in the State of Colorado.

14.     On or about May 20, 2010, Plaintiff was involved in an incident where she sustained an injury to her left knee.

15.     As a result of her injury, Plaintiff came under the care of Defendants Loucks and Lotspeich.

16.     Plaintiff was diagnosed with, among other things, a bicondylar tibial plateau fracture.

17.     Defendant Loucks recommended a surgical intervention on Plaintiff's left knee.

18.     On or about May 22, 2010, Defendants Loucks and Lotspeich conducted a surgery involving an open-reduction internal fixation on Plaintiff's left knee.

19.     On or about July 26, 2010, Plaintiff saw Defendant Loucks at Defendant Peak Orthopedics and Spine, P.L.L.C. for a follow-up.

20.     Defendant Loucks ordered a CT as a result of his concern for, among other things, a malunion in the lateral plateau compartment.

21.     Defendant Loucks confirmed that there was a malunion.

22.     Defendants did not appropriately treat the malunion on or about July 26, 2010.

23.     On or about August 26, 2010, Plaintiff returned to Defendant Peak Orthopedics and Spine, P.L.L.C. for a follow-up.

24.     During this visit, Heather was seen by Defendant Lotspeich.

25.     Defendant Lotspeich confirmed that Plaintiff had a malunion.

26.     Defendants did not appropriately treat the malunion on or about August 26, 2010.

27.     As of approximately July 26, 2010, Defendants knew or should have known about Plaintiff's malunited condition associated with her left knee.

28.     Nonetheless, Defendants did not recommend treatment until late September 2010.

29.     The negligence alleged herein concerns acts and omissions that took place on and after the time that Defendants knew or should have known about Plaintiff's malunited condition.

30.     On or about September 27, 2010, Plaintiff returned to Defendant Peak Orthopedics and Spine, P.L.L.C. for a follow-up.

31.     Defendant Loucks recommended a surgical intervention on Plaintiff's left knee.

32.     Defendant Loucks recommended a partial knee replacement.

33.     A partial knee replacement was not the appropriate procedure for Plaintiff's condition.

34.     Defendant Loucks did not recommend an alternative form of treatment.

35.     On or about October 12, 2010, Defendants Loucks and Lotspeich performed a partial knee replacement on Plaintiff's left knee.

36.     Defendants utilized and/or implanted an inappropriate device as part of this procedure.

4

37.     Defendants provided negligent and inappropriate care to Plaintiff pertaining to the care and treatment of her left knee.

38.     As a direct and proximate result of the negligent care and treatment provided by Defendants, Plaintiff has severe, disabling, and crippling injuries.  Plaintiff, who is only approximately 26 years old, may never run again, is still experiencing severe pain, and is likely to have to undergo additional surgical procedures, among other things.

39.     Plaintiff's injuries are permanent.

40.     Plaintiff's injuries are directly and proximately caused by the negligence of Defendants.

## IV.     FIRST CLAIM FOR RELIEF
### (Negligence – Defendant David Craig Loucks, M.D.)

41.     Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     Between approximately May and November 2010, Plaintiff placed herself under the care and treatment of Defendant Loucks.

43.     While under the care and treatment of Defendant Loucks, Plaintiff suffered severe and permanent injuries.

44.     With respect to the care and treatment of Plaintiff, Defendant Loucks owed a duty to exercise that degree of care, skill, caution, diligence, and foresight exercised by and expected of physicians in a similar situation.  Defendant Loucks deviated from that standard and was negligent, including, but not limited to, the following:

a.      Failing to properly evaluate, diagnose, and treat Plaintiff's medical condition;

b.      Failing to provide timely and appropriate medical testing and treatment to Plaintiff;

c.      Failing to properly and timely refer Plaintiff to appropriate medical professionals;

d.      Failing to timely and appropriately address the malunion;

e.      Failing to utilize an appriopriate device as part of the knee replacement surgery; and

f.      Failing to provide appropriate care and treatment to Plaintiff for her left knee.

45.     As a direct and proximate result of the negligence of Defendant Loucks, Plaintiff has suffered significant and permanent physical impairment and disfigurement, emotional distress, mental anguish, and physical suffering.  Plaintiff's injuries have been and will continue to be disabling, incapacitating, and humiliating.  Plaintiff's injuries are permanent.  Plaintiff will be forced to spend money in the future for medicines, prescriptions, hospital care, x-rays, doctors fees, surgical procedures, rehabilitation, physical therapy, other types of therapy, education costs, and long term care and assistance.  Plaintiff has suffered a loss of earning capacity for the future. Plaintiff has suffered and will suffer a loss of the ability to enjoy a full, useful, and normal life. Plaintiff has suffered economic losses, including, but not limited to, medical expenses for pharmaceuticals, physicians, hospitalizations, imaging, x-rays, doctors' fees, surgical procedures,

physical therapy, other therapies, rehabilitation, educational costs, and related medical care and treatment, as well as long term care and assistance.

46.    As a direct and proximate result of the negligence of Defendant Loucks, Plaintiff has suffered past and future economic losses, past and future non-economic losses, past and future disfigurement damages, and past and future physical impairment damages.  These losses include, but are not limited to, expenses for physicians, hospitalizations, rehabilitation, and related medical care and treatment.  Plaintiff has been forced to spend monies in the past for expenses for physicians, hospitalizations, rehabilitation, and related medical care and treatment and will, in the future, be forced to spend monies for medicine, hospital care, doctors' fees, medical procedures, and other related medical and rehabilitation costs.  Plaintiff has been and will be forced to spend monies in the future for medicines, hospital care, doctors' fees, medial procedures, and other related medical rehabilitation costs.

### V.    SECOND CLAIM FOR RELIEF
### (Negligence – Defendant Richard M. Lotspeich, P.A.-C.)

47.    Plaintiff incorporates by reference paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48.    Between approximately May and November 2010, Plaintiff placed herself under the care and treatment of Defendant Lotspeich.

49.    While under the care and treatment of Defendant Lotspeich, Plaintiff suffered severe and permanent injuries.

50.    With respect to the care and treatment of Plaintiff, Defendant Lotspeich owed a duty to exercise that degree of care, skill, caution, diligence, and foresight exercised by and

expected of Physician's Assistants in a similar situation. Defendant Lotspeich deviated from that

standard and was negligent, including, but not limited to, the following:

        a.     Failing to properly evaluate, diagnose, and treat Plaintiff's medical

condition;

        b.     Failing to provide timely and appropriate medical testing and treatment to

Plaintiff;

        c.     Failing to properly and timely refer Plaintiff to appropriate medical

professionals;

        d.     Failing to timely and appropriately address the malunion;

        e.     Failing to utilize an appriopriate device as part of the knee replacement

surgery; and

        f.     Failing to provide appropriate care and treatment to Plaintiff for her left

knee.

     51.    As a direct and proximate result of the negligence of Defendant Lotspeich,

Plaintiff suffered injuries, damages, and losses more fully described above.

## VI.    THIRD CLAIM FOR RELIEF
### (*Respondeat Superior* – Defendant Peak Orthopedics and Spine, P.L.L.C.)

     52.    Plaintiff incorporates by reference paragraphs 1 through 51 of this Complaint as if

fully set forth herein.

     53.    Between approximately May 2010 and November 2010, Plaintiff was under the

care and treatment of healthcare providers, including nurses and physician's assistants such as

Defendant Lotspeich.

54.     At all relevant times, healthcare providers including Defendant Lotspeich were employees, agents, officers, and/or servants of Defendant Peak Orthopedics and Spine, P.L.L.C., and were acting within the course and scope of their employment, office, or authority.

55.     Defendant Peak Orthopedics and Spine, P.L.L.C. is responsible for the negligent acts of its employees, agents, officers, and/or servants, including, but not limited to, Defendant Lostpeich and other healthcare providers.

56.     Defendant Peak Orthopedics and Spine, P.L.L.C., by and through its employees, agents, officers, and/or servants, including, Defendant Lotspeich, all acting within the course and scope of their employment, office, or authority, was negligent in its care and treatment of Plaintiff, including, but not limited to, the following:

a.     Failing to properly evaluate, diagnose, and treat Plaintiff's medical condition;

b.     Failing to provide timely and appropriate medical testing and treatment to Plaintiff;

c.     Failing to properly and timely refer Plaintiff to appropriate medical professionals;

d.     Failing to timely and appropriately address the malunion;

e.     Failing to utilize an appriopriate device as part of the knee replacement surgery; and

f.     Failing to provide appropriate care and treatment to Plaintiff for her left knee.

57.     As a direct and proximate result of the negligence of Defendant Peak Orthopedics and Spine, P.L.L.C., Plaintiff suffered injuries, damages, and losses more fully described above.

## VII.    FOURTH CLAIM FOR RELIEF
### (Informed Consent – Defendant David Craig Loucks, M.D.)

58.     Plaintiff incorporates Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59.     With respect to the care and treatment provided to Plaintiff, Defendant Loucks was negligent in failing to properly obtain informed consent from Plaintiff.

60.     Defendant Loucks owed Plaintiff the duty to properly inform her of the risks of and alternatives to the treatment that he would provide, including that related to the partial knee replacement.

61.     Had Defendant Loucks timely and properly informed Plaintiff of the risks of and alternatives to the treatment that he would provide, including the risks of and alternatives to the partial knee replacement, Plaintiff would have made different choices concerning her treatment and care, and, thus, she would not have suffered the injuries, damages, and losses as more fully described above.

62.     No reasonable person in the same or similar situation would have undergone the treatment outlined by Defendant Loucks had such a reasonable person been properly informed of the risks of and alternatives to that treatment.

63.     As a direct and proximate result of Defendant Loucks' failure to provide proper informed consent, Plaintiff has suffered injuries, damages, and losses as more fully described above.

WHEREFORE, Plaintiff prays for compensatory damages in favor of the Plaintiff and

against the Defendants in an amount to be determined by the trier of fact, interest from the date

of the medical negligence, pre-judgment interest, post-judgment interest, pre-filing interest,

expert witness fees, filing fees, deposition expenses, attorneys fees, all costs and interests

allowable by applicable law, and for such other and further relief as this Court may deem

appropriate, including all costs.

PLAINTIFF REQUESTS A TRIAL TO A JURY.

Respectfully submitted this 25th day of May, 2012.


LEVENTHAL, BROWN & PUGA, P.C.



By:     s/Sean B. Leventhal
         James E. Puga, #18960
         Daniel A. Lipman, #35046
         Sean B. Leventhal, #42371
         LEVENTHAL, BROWN & PUGA, P.C.
         950 S. Cherry Street, Suite 600
         Denver, Colorado 80246
         Telephone: (303) 759-9945
         Facsimile: (303) 759-9692
         Email: jim@leventhal-law.com
         Email: dlipman@leventhal-law.com
         Email: sleventhal@leventhal-law.com
         ATTORNEYS FOR PLAINTIFF