IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 12-cv-01381-WYD-KMT**

HEATHER CARTER,

    Plaintiff,

v.

DAVID C. LOUCKS, M.D.,
RICHARD M. LOTSPEICH, P.A.-C., and
PEAK ORTHOPEDICS AND SPINE, P.L.L.C.,

    Defendants.

_____

**ORDER RE: DEFENDANTS RICHARD M. LOTSPEICH, PA-C'S AND PEAK ORTHOPEDICS AND SPINE, PLLC'S MOTION TO CONDUCT *EX PARTE* INTERVIEWS WITH CERTAIN HEALTH CARE PROVIDERS**
_____

THIS MATTER comes before the Court on Defendants Richard M. Lotspeich, PA-C's and Peak Orthopedics and Spine, PLLC's Motion to Conduct *Ex Parte* Interviews with Certain Health Care Providers. The Court, having reviewed the Motion, the file, and otherwise being fully advised in the premises, hereby

FINDS that where a plaintiff injects her physical or mental condition into the case as a basis of a claim, the plaintiff has impliedly waived any claim of privilege respecting that medical condition. Here, Plaintiff Heather Carter is claiming injury and damages she attributes to the medical care provided by Defendants. Plaintiff sustained a fracture of her lower extremity, which was surgically treated by Defendants Dr. Loucks and Mr. Lotspeich at The Medical Center of Aurora. She received care for that fracture from both defendants at Peak Orthopedics

and Spine, PLLC (also a named defendant) and underwent a second surgery at Sky Ridge Medical Center, also performed by Defendants Dr. Loucks and Mr. Lotspeich.  The care afforded Plaintiff by health care providers at The Medical Center of Aurora, Peak Orthopedics and Spine, PLLC, and Sky Ridge Medical Center relates solely to the claims and damages alleged by Plaintiff in this case.

THE COURT FURTHER FINDS that the waiver implied by the filing of a suit constitutes consent for medical providers to be examined as to information acquired in attending the patient that was necessary to enable treatment for the patient.  This type of open discovery is appropriate when there is no privilege to protect.  As explained in the case of *Reutter v. Weber*, 179 P.3d 977 (Colo. 2007), a defendant may conduct *ex parte* interviews of health care providers where there is not a high risk that residually privileged information will be divulged to the defense in those interviews.  This is true regardless of whether the defendant health care provider acted in consultation with the outside treating provider.  While consultation may be one mechanism by which a Court may evaluate whether there exists a high risk that residually-privileged information may be disclosed in *ex parte* interviews, it is not the only mechanism.  As discussed above, this standard may be met where there is no privilege to protect because the outside healthcare providers.  In this case, there was consultation between the defendants and providers who cared for Plaintiff at The Medical Center of Aurora, Peak Orthopedics, and Sky Ridge Medical Center.  Further, it is evident that care was provided solely for the medical conditions Plaintiff herself has placed at issue in the lawsuit.

THE COURT FURTHER FINDS that there is no privilege to protect between Plaintiff and care providers who treated Plaintiff in conjunction with the May 2010 surgery at The

Medical Center of Aurora; between Plaintiff and care providers at Peak Orthopedics and Spine, PLLC; and between Plaintiff and care providers who treated Plaintiff in conjunction with her October 2010 surgery at Sky Ridge Medical Center. As such, there is not a high risk that residually privileged information will be divulged to the defense during *ex parte* interviews with these providers.

THE COURT FURTHER FINDS that allowing Plaintiff to participate in the defense's interviews of the above-mentioned providers would improperly invade the defense's work-product given that there is no privilege to protect. Because there is no privilege to protect, these providers are akin to any other lay witnesses with whom the discovery rules allow the defense to meet freely and without notice to Plaintiff.

IT IS THEREFORE ORDERED that Defendants Peak Orthopedics and Spine, PLLC and Mr. Lotspeich's Motion is GRANTED; and it is further

ORDERED that Peak Orthopedics and Spine, PLLC and Mr. Lotspeich and their counsel may engage in *ex parte* interviews with the following providers without first providing notice to Plaintiff or her counsel: providers from the Medical Center of Aurora; Peak Orthopedics and Spine, PLLC; and Sky Ridge Medical Center.

DATED this __25th__ day of ~~December, 2012~~ *January, 2013*.

BY THE COURT:

_____
~~United States District Court Judge~~
**Kathleen M. Tafoya**
**United States Magistrate Judge**

3